# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Liberty Mutual Personal Insurance Company, | : |
| Plaintiff, | : Case No.: 3:23-cv-2052 |
| v. | : Judge: |
| Jon Cross, | : |
| and | : |
| Christina Cross, | : |
| Defendants. | : |

## COMPLAINT

Now comes Liberty Mutual Personal Insurance Company ("Liberty Mutual"), by and through counsel, and states the following as its Complaint against Defendants Jon Cross and Christina Cross (collectively, "Defendants").

## PARTIES

1. Liberty Mutual is a New Hampshire corporation, with its principal place of business in Boston, Massachusetts.

2. Defendant Jon Cross is an individual residing in Findlay, Ohio.

3. Defendant Christina Cross is an individual residing in Findlay, Ohio.

## JURISDICTION AND VENUE

4. Liberty Mutual brings this action under 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Liberty Mutual, a citizen of New Hampshire or

Massachusetts, and Defendants, citizens of Ohio; and (2) the amount in controversy exceeds $75,000.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and/or (2) because a substantial part of the events giving rise to Liberty Mutual's claims occurred in Hardin County, which is within the Western Division of the District Court for the Northern District of Ohio and/or because Defendants reside in the Western Division of the District Court for the Northern District of Ohio.

## FACTS COMMON TO ALL CLAIMS

## UNDERLYING INCIDENT AND DEFENDANTS' INSURANCE POLICY

7. Defendants resided at 16511 Maureen Drive, Kenton, Ohio 43326.

8. On August 5, 2023, a fire occurred at 16511 Maureen Drive, Kenton, Ohio 43326 (the "Loss").

9. Defendants carry a homeowners policy with Liberty Mutual, Policy No. H3V-288-038024-70 (the "Policy"). A certified copy of the Policy is attached here as **Exhibit A**.

10. The Policy lists 16511 Maureen Drive, Kenton, Ohio 43326 as covered dwelling (the "Subject Dwelling").

11. The Policy's base Dwelling Limits are $624,400.

12. The Policy contains an Inflation Protection Endorsement, which increases the Dwelling Limits to $634,390.40. (Exhibit A, Policy Declarations.)

13. The Policy provides Replacement Cost Coverage to the Subject Dwelling pursuant to the limits describe above.

14. The Policy also provides Actual Cash Value coverage to Defendants' personal property subject to non-recoverable depreciation.

15. Relevant here is the Home Protector Plus Endorsement (FMHO 3331 0312), which

reads as follows:

> HOME PROTECTOR PLUS ENDORSEMENT
> B. REPLACEMENT COST PROVISION - DWELLING AND PERSONAL PROPERTY
> *You must meet the following additional Section I Condition for this provision to apply:*
>> *17. Additions or Changes to Dwelling - Notice to Company. You must inform us within 90 days of the start of any additions, alterations or improvements to the dwelling that will increase the replacement cost of the dwelling by $5,000 or more.*
>
> If you meet Condition 17, then Section I, Condition 3. Loss Settlement, is deleted and replaced by the following:
>> 3. Loss Settlement. Covered property losses are settled as follows:
>>> a. The applicable limit of liability for Buildings under Coverage A or B is the replacement cost, after application of deductible and without deduction for depreciation, subject to the following:
>>>> (1) We will pay the cost of repair or replacement, but not exceeding:
>>>>> ***
>>>>> (b) With respect to Coverage A, an amount not exceeding 20% greater than the limit of liability stated in the declaration, as modified by the Inflation Protection Provision of the policy;
>>>>> ***
>>> c. Personal property, carpeting and household appliances: at replacement cost but not exceeding the amount needed to repair or replace subject to the following:
>>>> (1) Our limit of liability for loss to Personal Property shall not exceed the smallest of the following:
>>>>> (a) Replacement cost with a similar item of like kind and quality at the time of loss;
>>>>> ***

(Ex. A, p. 24.) (emphasis added).

16. The Home Protector Plus Endorsement may increase the applicable Dwelling Limits and change the loss settlement terms for Personal Property coverage if certain conditions are met.

17. The Home Protector Plus Endorsement required Defendants to inform Liberty Mutual within 90 days of the start of any "additions, alterations, or improvements" to the Subject Dwelling in order to be eligible for the revised loss settlement provisions.

## LIBERTY MUTUAL'S INVESTIGATION AND COVERAGE POSITION

18. On September 5, 2023, Liberty Mutual sent a letter to the Defendants explaining the findings of its investigation and its coverage position. A copy of the September 5, 2023 letter is attached as **Exhibit B**.

19. Liberty Mutual's investigation revealed that, prior to the fire, Defendants made extensive additions, alterations, or improvements to the Subject Dwelling which increased the replacement cost by more than $5,000.00. Defendants commenced these additions, alterations, or improvements in or around March 2023.

20. Defendants did not provide notice to Liberty Mutual regarding these renovations.

21. As a result, Liberty Mutual explained to Defendants that they are ineligible for the following provision in the Home Protector Plus Endorsement: B. REPLACEMENT COST PROVISION - DWELLING AND PERSONAL PROPERTY.

22. Defendants are ineligible because Defendants did not notify Liberty Mutual within 90 days of the start of any additions, alterations, or improvements to the Subject Dwelling that would increase the replacement cost of the dwelling by $5,000 or more.

23. Because Defendants have not met the condition, Defendants' personal property is valued at Actual Cash Value subject to non-recoverable depreciation and Defendants' Dwelling Limits remain at $634,390.40.

24. Liberty Mutual has accepted coverage pursuant to the terms, conditions, and exclusions within the Policy.

25. The applicable Dwelling Limits are $634,390.40.

26. Defendants contend that Home Protector Endorsement's Replacement Cost Provision entitles them to an increase in their policy limits and/or policy limits beyond $634,390.40, as well as replacement cost for their personal property.

## COUNT I – DECLARATORY JUDGMENT
## PURSUANT TO 28 U.S.C. § 2201, *et seq.*

27. Liberty Mutual incorporates by reference the allegations set forth in the preceding paragraphs above as if fully restated herein.

28. For the reasons set forth above, there is currently an actual and justiciable controversy related to the Policy.

29. The Policy's Dwelling Limits are $624,400. Those limits increase to $634,390.40 pursuant to the Inflation Protection Endorsement.

30. As a result, Liberty Mutual cannot pay more than $634,390.40 for the Loss for the Subject Dwelling.

31. The Defendants failed to follow the requirements of the Home Protector Plus Endorsement because Defendants did not notify Liberty Mutual within 90 days of the start of any additions, alterations, or improvements to the Subject Dwelling that would increase the replacement cost of the dwelling by $5,000 or more.

32. As a result, Defendants are ineligible for the "B. REPLACEMENT COST PROVISION - DWELLING AND PERSONAL PROPERTY" within the Home Protector Plus Endorsement.

33. Because Defendants have not met the conditions set forth in the Home Protector Plus Endorsement, Defendants' personal property is valued at Actual Cash Value subject to non-recoverable depreciation and Defendants' Dwelling Limits remain at $634,390.40.

34. Therefore, Liberty Mutual is entitled to judgment under 28 U.S.C. § 2201(a) declaring: (1) the applicable Dwelling Limits to the Loss are $634,390.40; (2) Defendants failed to provide the notice of "additions, alterations or improvements" to the Subject Dwelling, as required under the Home Protector Plus Endorsement; (3) the "Replacement Cost Provision –

Dwelling and Personal Property" within the Home Protector Plus Provision does not apply to the Loss and/or the Subject Dwelling and/or subject personal property.

**WHEREFORE**, Liberty Mutual requests that the Court issue an order declaring:

A. The Policy's applicable Dwelling Limits to the Loss are $634,390.40;

B. Defendants failed to provide the notice of "additions, alterations or improvements" to the Subject Dwelling, as required under the Home Protector Plus Endorsement;

C. The "Replacement Cost Provision – Dwelling and Personal Property" within the Home Protector Plus Provision does not apply to the Loss and/or the Subject Dwelling

Liberty Mutual further requests that the Court grant any other equitable or legal relief to which Liberty Mutual may be entitled.

Respectfully submitted,

/s/ Rodger L. Eckelberry
Rodger L. Eckelberry (OH 0071207)
Ali I. Haque (OH 0087860)
Mathew G. Drocton (OH 0093742)
Christopher Riedel (OH 101707)
BAKER & HOSTETLER LLP
200 South Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: 614-228-1541
Facsimile: 614-462-2616
Email: reckelberry@bakerlaw.com
ahaque@bakerlaw.com
mdrocton@bakerlaw.com
criedel@bakerlaw.com

*Attorneys for Plaintiff Liberty Mutual Personal Insurance Company*
